**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ROBERT KEVIN HENNELLY,**

**Plaintiff,**

**vs.** **No. CIV 06-0613 RB/DJS**

**FLOR DE MARIA OLIVA, MARGARET KEGEL, DOMESTIC RELATIONS HEARING OFFICER, SHARON PINO, GUARDIAN AD LITEM, AND BARBARA VIGIL, FIRST JUDICIAL DISTRICT COURT JUDGE,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants Margaret Kegel's and Barbara Vigil's ("Judge Vigil's and Hearing Officer Kegel's") Motion to Dismiss (Doc. 7), filed on August 1, 2006, Defendant Sharon Pino's ("Pino's") Motion to Dismiss (Doc. 10), filed on August 1, 2006, and Plaintiff's ("Hennelly's") Emergency Application for Temporary Restraining Order and Motion to Dissolve Preliminary Order of Protection (Doc. 13), filed on August 3, 2006. Having reviewed the submissions of the parties, and being otherwise fully advised, I dismiss the case.

**I. Background.**

On July 10, 2006, Hennelly filed a Complaint for Damages and Emergency Injunctive Relief ("Complaint") under 42 U.S.C. §§1983 and 1988 in this Court, alleging that the actions of Defendants violated his federal due process rights under color of state law. *See* 42 U.S.C. §§1983.

The Complaint arose out of a custody dispute between Hennelly and Defendant Flor De Maria Oliva's ("Oliva's") over their sixteen-year-old daughter, Lucia O. Hennelly ("Child"). (Compl. ¶¶

7-8.) Hennelly and Oliva were granted a divorce on December 29, 1999, and awarded joint custody of Child pursuant to a Marital Settlement Agreement ("MSA"). (Compl. ¶ 8.) Hennelly alleges that Oliva failed to comply with the provisions of the MSA. (Compl. ¶ 10.)

On November 15, 2005, Pino was appointed Guardian ad Litem for Child. (Compl. ¶ 15.) On December 2, 2005, Hearing Officer Kegel presided over a hearing on the Petition for Order of Protection from Domestic Abuse. (Compl. ¶ 16.) Pino appeared at the hearing and submitted a report on behalf of Child. (*Id*.) Hearing Officer Kegel determined that Hennelly had harassed Child and entered an Order of Protection. (Compl. ¶ 17.)

On January 26, 2006, Judge Vigil was assigned to the case. (Compl. ¶ 25.) Hennelly filed a peremptory election to excuse Judge Vigil. (*Id*.) On February 12, 2006, Oliva filed a request for review of the peremptory election. (Compl. ¶ 27.) On April 24, 2006, Judge Vigil found that the peremptory election to excuse her was improper. (Compl. ¶ 29.) On May 22, 2006, Judge Vigil held a hearing in Hennelly's absence, assessed sanctions against him, and held that Pino and Oliva were not required to respond to his motions. (Compl. ¶ 30.)

On June 27, 2006, Hennelly filed a Petition for Writs of Mandamus, Prohibition, and Superintending Control with the New Mexico Supreme Court. (Compl. ¶ 32.)

Judge Vigil and Hearing Officer Kegel argue that they are entitled to judicial immunity, federal review of the state-court proceeding is barred, and the *Younger*[1] abstention doctrine applies. Pino argues that she is entitled to immunity.

In his Emergency Application for Temporary Restraining Order and Motion to Dissolve Preliminary Order of Protection, Hennelly states that Judge Vigil entered an order terminating his

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

parental rights based of the Preliminary Order of Protection and requests that this Court dissolve the Preliminary Order of Protection.

**II. Standard.**

As a pro se litigant, Hennelly is entitled to a liberal reading of his pleadings and his submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). However, the Court may not assume the role of advocate for a pro se litigant, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A pro se litigant must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir.1994).

When considering a motion to dismiss for failure to state a claim, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998). Dismissal of a complaint pursuant to Rule 12(b)(6) is granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**III. Discussion.**

**A. Judge Vigil and Hearing Officer Kegel are entitled to judicial immunity.**

Absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion. *Mireles v. Waco*, 502 U.S. 9, 13 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 357 (1978). Only accusations that a judge acted outside of her judicial capacity, or that she acted in the complete absence of all jurisdiction, can overcome absolute

immunity. *Guttman v. Khalsa*, 446 F.3d 1027, 1033-34 (10th Cir.2006).

Hennelly's allegations against Judge Vigil and Hearing Officer Kegel are based entirely on actions they took in their judicial capacities and within their jurisdiction as a state court judge and hearing officer. Accordingly, Judge Vigil and Hearing Officer Kegel are entitled to judicial immunity from the claims for money damages.

**B. Pino is entitled to quasi-judicial immunity.**

Pino was appointed by the state district court as a guardian ad litem to provide recommendations to the court on behalf of the best interests of Child. A court-appointed guardian ad litem is entitled to quasi-judicial immunity for conduct that falls within the scope of a guardian ad litem's duties. *Collins on Behalf of Collins v. Tabet*, 111 N.M. 391, 395, 806 P.2d 40, 44 (1991); *Short ex rel. Oosterhous v. Short*, 730 F.Supp. 1037, 1038-39 (D.Colo.1990). Because the allegations against Pino are based entirely on actions she took in her capacity as a guardian ad litem, Pino is entitled to quasi-judicial immunity from the claims for money damages.

**C. Oliva is not a state actor for purposes of 42 U.S.C. § 1983.**

The Complaint asserts that Oliva violated Hennelly's due process rights. In order to state a claim for relief against Oliva under 42 U.S.C. § 1983, Hennelly must demonstrate that Oliva acted "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint contains no factual allegations that would establish that Oliva acted under color of state law. For this reason, the Complaint fails to state a claim against Oliva.

**D. There is no federal jurisdiction over the child custody dispute.**

"It is well-established that federal courts lack jurisdiction over '[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.' " *Hunt v. Lamb*, 427 F.3d 725, 727

(10th Cir.2005) (*quoting Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (internal quotation omitted)). To the extent that Hennelly challenges the state court's determination of child custody, this Court lacks jurisdiction.

**E. The *Rooker-Feldman*[2] doctrine bars an appeal from a state court judgment.**

The *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 126 S.Ct. 1198, 1201 (2006). The doctrine applies where "a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Id.*, 126 at 1202. The Complaint does not state whether a final judgment was issued in the state case. To the extent that the Complaint seeks an appeal of a final judgment issued by the state court, it is are barred by the *Rooker-Feldman* doctrine.

**F. The *Younger* abstention doctrine precludes this action.**

The *Younger* abstention doctrine provides that "federal courts should not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when a state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir.2001) (quotation omitted).

*Younger* abstention applies if (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters that traditionally look to state law for their resolution, or implicate separately articulated state policies. *Weitzel*, 240

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

F.3d at 875.

If the state case remains pending, the *Younger* conditions are satisfied in this case. The state court provides an adequate forum for the claims raised in the federal complaint. The claims involve child custody, a matter that is traditionally resolved under state law. To the extent that Hennelly asks this Court to interfere with an ongoing state court proceedings, the *Younger* abstention doctrine precludes this action.

**G. There is no basis for equitable relief.**

The Complaint is precluded or subject to dismissal. The four criteria needed to support the issuance of a temporary restraining order include that there is a substantial likelihood that the movant will eventually prevail on the merits. *Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir.1998). Because there is no likelihood of success on the merits, Hennelly is not entitled to a temporary restraining order.

**WHEREFORE,**

**IT IS ORDERED** that Hennelly's Emergency Application for Temporary Restraining Order and Motion to Dissolve Preliminary Order of Protection (Doc. 13), filed on August 3, 2006, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Vigil's, Kegel's, and Pino's Motions to Dismiss (Docs. 7 and 10), filed on August 1, 2006, are **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **DISMISSED.**

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**