IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT KEVIN HENNELLY,**

    **Plaintiff,**

vs.                                                       No. CIV 06-0613 RB/DJS

**FLOR DE MARIA OLIVA, MARGARET
KEGEL, DOMESTIC RELATIONS
HEARING OFFICER, SHARON PINO,
GUARDIAN AD LITEM, AND BARBARA
VIGIL, FIRST JUDICIAL DISTRICT
COURT JUDGE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order of August 11, 2006 (Doc. 18), filed on August 18, 2006, Motion for Order Granting Declaratory Relief (Doc. 20), filed on August 25, 2006, Motion for Leave to Amend the Complaint and Convert Defendants' Motions to Dismiss to Motions for Summary Judgment (Doc. 21), filed on August 29, 2006, Motion to Take Judicial Notice (Doc. 31), filed on August 31, 2006, and Defendant Oliva's Motion to Dismiss (Doc. 23), filed on September 1, 2006. Having reviewed the submissions of the parties, and being otherwise fully advised, I deny Plaintiff's motions, grant Defendant Oliva's motion, and direct entry of a final order dismissing the case.

**I. Background.**

In a Memorandum Opinion and Order issued on August 11, 2006[1], I determined that Judge Vigil and Hearing Officer Kegel were entitled to judicial immunity, Defendant Pino was entitled to

---

[1] The background facts and applicable standards are recited in the Memorandum Opinion and Order of August 11, 2006. They are not repeated herein.

quasi-judicial immunity, the Complaint failed to state a claim against Defendant Oliva, there was no federal jurisdiction over the child custody dispute, the *Rooker-Feldman*[2] doctrine barred an appeal in federal court of a final judgment issued by the state court, the *Younger*[3] abstention doctrine precluded the request to interfere with ongoing state court proceedings, and Plaintiff was not entitled to equitable relief because there was no likelihood of success on the merits.

Before a judgment was issued, Plaintiff filed additional documents and requested leave to amend his complaint. Because I wished to address the additional allegations, I delayed issuing a judgment. In the ensuing weeks, Plaintiff and Defendants filed additional documents and motions. The instant Memorandum Opinion and Order addresses these subsequent filings and supplements the Memorandum Opinion and Order of August 11, 2006. A judgment will issue contemporaneously with this Memorandum Opinion and Order.

**II. Discussion.**

**A. Authority to reconsider non-final rulings.**

Prior to the entry of a final judgment, the district court retains the discretion to reconsider and revise interlocutory orders. *See Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir.1991); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988). Because a judgment has not issued, I have the discretionary authority to revisit my prior rulings.[4]

---

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

[4] On September 8, 2006, Plaintiff filed a notice of appeal. The notice of appeal was premature because judgment had not issued. *See* Fed. R. Civ. P. 58. Until a final judgment is issued pursuant to Rule 58, jurisdiction lies with the district court. *Clough v. Rush*, 959 F.2d 182, 185 (10th Cir.1992). A notice of appeal filed after the court announces a decision or order - but before the entry of judgment or order - is treated as filed on the date of an after entry. Fed. R. App. P. 4(a)(2).

**B.  Oliva is not a state actor for purposes of 42 U.S.C. § 1983.**

The Complaint asserted that Defendant Oliva violated Plaintiff's due process rights.  A civil rights plaintiff proceeding under § 1983 must allege and prove that "(a) some person has deprived him of a federally protected right, and (b) the person who has deprived him of that right acted under color of state law." *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir.1991).

"In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show . . . that the individual's conduct is 'fairly attributable to the State.' " *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir.1996) (*quoting Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  Because the Complaint contained no factual allegations that would establish that Oliva acted under color of state law, I determined that the Complaint failed to state a claim against her.

Plaintiff requests leave to amend his complaint to assert additional allegations that Oliva conspired with Defendants Vigil, Kegel, and Pino to deny Plaintiff due process and deprive him of his parent-child relationship.  Although Plaintiff failed to attach a copy of his proposed amended complaint to his requests and motion to amend, as required by D. N. M. LR-Civ. 15.1, the gist of his assertions with respect to Oliva may be gleaned from his Response to Defendant Oliva's Answer to Complaint for Damages and Emergency Relief (Doc. 16) and his motion to amend complaint,.[5]

Plaintiff alleges that Oliva misrepresented facts and misled Defendants Vigil, Kegel, and Pino in state court litigation.  "When a plaintiff seeks to prove state action based on a conspiracy theory, a requirement of the joint action charge . . . is that both public and private actors share a common,

---

[5] Due to Plaintiff's pro se status, the allegations in his filings are liberally construed in his favor throughout this Memorandum Opinion and Order.  Plaintiff's request for application of the summary judgment standard to Defendants' motion to dismiss is denied.

unconstitutional goal." *Fernandez v. Mora-San Miguel Elec. Co-op.*, Inc., ____ F.3d ___, 2006 WL 2474851 *7 (10th Cir. Aug. 29, 2006)(quotations omitted). Plaintiff must demonstrate "a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Fernandez*, ____ F.3d ___, 2006 WL 2474851 *7. "Merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks,* 449 U.S. 24, 28 (1980).

Construing Plaintiff's assertions liberally, his allegations of conspiratorial conduct as to Oliva are conclusory at best. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir.1989) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."). Plaintiff concludes the Defendants conspired against him because he lost in state court. His allegations are plainly insufficient to state a claim under § 1983 against Oliva.

**B. Pino is not a state actor for purposes of 42 U.S.C. § 1983.**

Pino was appointed by the state district court as a guardian ad litem to provide recommendations to the court on behalf of the best interests of Child. A court-appointed guardian ad litem is entitled to quasi-judicial immunity for conduct that falls within the scope of a guardian ad litem's duties. *Collins on Behalf of Collins v. Tabet*, 111 N.M. 391, 395, 806 P.2d 40, 44 (1991); *Short ex rel. Oosterhous v. Short*, 730 F.Supp. 1037, 1038-39 (D. Colo.1990) (guardian ad litem entitled to quasi-judicial immunity for negligence claims). Because the allegations against Pino in the Complaint were based entirely on actions she took in her capacity as a guardian ad litem, in the Memorandum Opinion and Order of August 11, 2006, I found that Pino was entitled to quasi-judicial immunity from the claims for money damages and granted her motion to dismiss.

Plaintiff requests leave to amend his complaint to assert additional allegations against Pino.

In his Response to Defendant Pino's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 17) and motion to amend complaint, Plaintiff alleges that Pino acted beyond the scope of her appointment as a guardian ad litem by reporting to the state court that Plaintiff emotionally abused Child, and recommending that Child and Plaintiff undergo counseling, have a reduced visitation schedule with Plaintiff, and be permitted to study abroad. Plaintiff also asserts that Pino misrepresented facts to the state court.

Plaintiff acknowledges that Pino was appointed to provide recommendations to the state court and to act as guardian ad litem for Child. Pino made recommendations to the state court. The fact that Plaintiff disagreed with Pino's recommendations does not support the premise that Pino's actions exceeded the scope of her duties as a guardian ad litem.

Plaintiff offers only conclusory allegations that Pino exceeded her authority. The fact that Pino, in the exercise of her independent judgment on behalf of Child, made recommendations contrary to Plaintiff's interests does not support his assertion that Pino exceeded her appointment or acted improperly. *See Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir.1986)("[i]t is of no consequence if, in the exercise of his or her independent judgment on behalf of the minor, the guardian ad litem arrives at a position of advocacy which corresponds with the objectives of the state."). Pino is entitled to quasi-judicial immunity.

In her motion to dismiss, Pino argued that she was entitled to quasi immunity. She correctly cited to authorities that hold a guardian ad litem is entitled to quasi-judicial immunity from negligence claims. My research has revealed an alternative ground for dismissal of the §1983 claims against Pino. As a guardian ad litem, Pino did not act under color of state law, as required by 42 U.S.C. § 1983. *Meeker v. Kercher*, 782 F.2d at 155. Because a guardian ad litem "is a fiduciary who must

5

act in the minor's best interest," and who owes "her undivided loyalty to the minor, not the state," she does not act under color of state law for the purposes of § 1983. *Id.*

Plaintiff raises only § 1983 claims herein. As more fully discussed *supra*, a civil rights plaintiff proceeding under § 1983 must allege and prove that "(a) some person has deprived him of a federally protected right, and (b) the person who has deprived him of that right acted under color of state law." *Houston v. Reich*, 932 F.2d at 890. Because Plaintiff failed to allege facts showing that Pino acted under color of state law, he failed to state a claim against Pino.

## C. Judge Vigil and Hearing Officer Kegel are entitled to judicial immunity.

Absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion. *Mireles v. Waco*, 502 U.S. 9, 13 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 357 (1978). Only accusations that a judge acted outside of her judicial capacity, or that she acted in the complete absence of all jurisdiction, can overcome absolute immunity. *Guttman v. Khalsa*, 446 F.3d 1027, 1033-34 (10th Cir.2006).

The allegations against Judge Vigil and Hearing Officer Kegel in the Complaint were based entirely on actions they took in their judicial capacities and within their jurisdiction as a state court judge and hearing officer. Accordingly, in the Memorandum Opinion and Order of August 11, 2006, I determined that Judge Vigil and Hearing Officer Kegel were entitled to judicial immunity from the claims for money damages.

Plaintiff requests leave to amend his complaint to assert additional allegations against Judge Vigil and Hearing Officer Kegel. In his Response to Defendants Margaret Kegel's and Barbara Vigil's Motion to Dismiss (Doc. 19) and motion to amend complaint, Plaintiff offers additional conclusory allegations that these Defendants acted without jurisdiction and performed non-judicial acts. For

instance, Plaintiff alleges that Judge Vigil acted in absence of jurisdiction because the case was assigned to a different judge, Judge Vigil refused to respond to Plaintiff's allegations of ex parte contacts, Judge Vigil misrepresented the court record in her response to the New Mexico Supreme Court, and Judge Vigil filed a response to his application for temporary restraining order in this matter. (Doc. 19 at 2-6.)

With respect to Hearing Officer Kegel, Plaintiff alleges that she relinquished her judicial role because Hearing Officer Kegel found that Plaintiff emotionally abused Child, as well as Plaintiff's adult daughter, and Hearing Officer Kegel filed a response to his application for temporary restraining order in this matter. (Doc. 19 at 6-9.)

Liberally construed, none of Plaintiff's allegations support the notion that Judge Vigil or Hearing Officer Kegel acted outside of their judicial capacity, or that either one acted in the complete absence of all jurisdiction. Accordingly, Judge Vigil and Hearing Officer Kegel are entitled to judicial immunity from the claims for money damages.

**D. The *Rooker-Feldman* doctrine bars an appeal from a state court judgment.**

The *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 126 S.Ct. 1198, 1201 (2006). The doctrine applies where "a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Id.*, 126 S.Ct. at 1202. The Complaint did not state whether a final judgment was issued in the state case. In the Memorandum Opinion and Order of August 11, 2006, I held that, to the extent that the Complaint seeks an appeal of a final judgment issued by the state court, it is barred by the *Rooker-Feldman* doctrine.

In his Response to Defendants Margaret Kegel's and Barbara Vigil's Motion to Dismiss (Doc.

19) and Petition for Declaratory Relief (Doc. 20), Plaintiff states that the state court has not issued a final order in a criminal case against him. However, it is not clear whether a final order was issued in the domestic relations case. In the Petition for Declaratory Relief, Plaintiff states that the New Mexico Supreme Court participated in a "cover up" of judicial corruption when it denied Plaintiff's petition for a writ of superintending control. The status of the state case or cases is unclear. Clearly, however, to the extent that Plaintiff seeks to appeal a final judgment issued by a state court, relief is barred by the *Rooker-Feldman* doctrine.

**E.  The *Younger* abstention doctrine precludes this action.**

The *Younger* abstention doctrine provides that "federal courts should not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when a state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir.2001) (quotation omitted).

*Younger* abstention applies if (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters that traditionally look to state law for their resolution, or implicate separately articulated state policies. *Weitzel*, 240 F.3d at 875. In the Memorandum Opinion and Order of August 11, 2006, I determined that, to the extent that Plaintiff asks this Court to interfere with an ongoing state court proceedings, the *Younger* abstention doctrine precludes this action.

In his Response to Defendants Margaret Kegel's and Barbara Vigil's Motion to Dismiss (Doc. 19), and Petition for Declaratory Relief (Doc. 20), Plaintiff asserts that he did not have an adequate

8

opportunity to raise constitutional challenges in the state proceedings because the state district court did not issue a final order and the New Mexico Supreme Court denied his petition for an extraordinary writ with the intent to "cover up" judicial corruption.

These specious allegations are wholly unsupported. The New Mexico courts provide an adequate forum for the claims raised in the federal complaint. To the extent that Plaintiff asks this Court to interfere with an ongoing state court proceeding, the *Younger* abstention doctrine precludes this action.

**F. There is no federal jurisdiction over the child custody dispute.**

"It is well-established that federal courts lack jurisdiction over '[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.' " *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir.2005) (*quoting Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (internal quotation omitted)). In the Memorandum Opinion and Order of August 11, 2006, I determined that, to the extent that Plaintiff challenges the state court's determination of child custody, this Court lacks jurisdiction.

Plaintiff contends that he is not challenging the determination of child custody. However, the Complaint, Plaintiff's Motion for Reconsideration (Doc. 18), and Motion for Order Granting Declaratory Relief (Doc. 20) may be read as an attempt to have the federal court revisit the issue of child custody and visitation. To the extent that Plaintiff challenges and seeks federal review of the state court's determination of child custody and visitation, this Court lacks jurisdiction.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order of August 11, 2006 (Doc. 18), filed on August 18, 2006, Motion for Order Granting

9

Declaratory Relief (Doc. 20), filed on August 25, 2006, Motion for Leave to Amend the Complaint and Convert Defendants' Motions to Dismiss to Motions for Summary Judgment (Doc. 21), filed on August 29, 2006, and Motion to Take Judicial Notice (Doc. 31), filed on August 31, 2006, are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Oliva's Motion to Dismiss (Doc. 23), filed on September 1, 2006, is **GRANTED.**

**IT IS FURTHER ORDERED** that judgment in favor of Defendants will issue forthwith.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**