# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROBERT KEVIN HENNELLY,**

    **Plaintiff,**

vs.                                                                                  No. CIV 06-0613 RB/DJS

**FLOR DE MARIA OLIVA, MARGARET
KEGEL, DOMESTIC RELATIONS
HEARING OFFICER, SHARON PINO,
GUARDIAN AD LITEM, AND BARBARA
VIGIL, FIRST JUDICIAL DISTRICT
COURT JUDGE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Flor De Maria Oliva's Motion for Award of Attorney Fees (Doc. 35), filed on October 12, 2006. Having reviewed the submissions of the parties, and being otherwise fully advised, I deny this motion.

**I.     Background.**

In Memorandum Opinion and Orders issued on August 11, 2006[1] and September 14, 2006, I determined that Judge Vigil and Hearing Officer Kegel were entitled to judicial immunity, Defendant Pino was entitled to quasi-judicial immunity, Defendants Oliva and Pino were not state actors for purposes of 42 U.S.C. § 1983, there was no federal jurisdiction over the child custody dispute, the *Rooker-Feldman*[2] doctrine barred an appeal in federal court of a final judgment issued by the state

---

[1] The background facts and applicable standards are recited in the Memorandum Opinion and Order of August 11, 2006. They are not repeated herein.

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

court, the *Younger*[3] abstention doctrine precluded the request to interfere with ongoing state court proceedings, and Plaintiff was not entitled to equitable relief because there was no likelihood of success on the merits. Judgment issued in favor of Defendants on September 14, 2006.

Defendant Oliva requests an award of attorney fees as a prevailing defendant, arguing that the suit was groundless and vexatious.

**II.     Discussion.**

In a civil rights action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of its costs." 42 U.S.C. § 1988(b). "[A] prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Browder v. City of Moab*, 427 F.3d 717, 721 (10th Cir.2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). However, a prevailing defendant is only to be awarded attorney's fees when the plaintiff's claim is " 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' " *Browder*, 427 F.3d at 721 (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978)). The Court has also stated that "[a] prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley*, 461 U.S. at 429 n. 2.

The standard for awarding fees to a prevailing defendant is stringent, *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), "to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir.2000). These considerations are especially applicable to a pro se plaintiff, who may not "recognize subtle factual or legal deficiencies in his claims." *Hughes*, 449 U.S. at 14-15. The fact that a complaint,

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

even when liberally construed, cannot survive a motion to dismiss is not in itself a sufficient justification for the assessment of fees. *Id*.

The *Christiansburg* standard has not been met in this case. While Plaintiff's claims were subject to dismissal, they were not wholly unfounded. Plaintiff alleged that Defendant Oliva acted in concert with state actors in order to deprive Plaintiff of his constitutional rights. Under a "joint action" theory of § 1983 liability, a private party may be deemed to act under color of state law. *See Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*, 462 F.3d 1244, 1252 (10th Cir.2006). The alternate reasons for the dismissal would not be apparent to a non-lawyer. Although Plaintiff's allegations were insufficient to show joint action, and the claims were not cognizable in federal court, the suit was not groundless or without foundation.

Defendant Oliva points out that Plaintiff has a law degree and "should or would have know[n] better than to assert civil rights violations against a non-state actor, especially where the defendant is his ex-wife and the gravamen of the complaints concern the pending custody litigation in state district court." (Doc. 36 at 3.) Plaintiff admits that he holds a law degree, but states that he has no experience as a practicing attorney in the legal systems of the United States.

Civil rights litigation is a complex and nuanced area of the law, even for seasoned litigators. Indeed, the time records attached to the motion indicate that counsel for Defendant Oliva spent over five hours researching, reviewing documents, and drafting a motion to dismiss. Judicial treatment of the issues required two memorandum opinions that total sixteen pages. The fact that Plaintiff holds a law degree did not alter his pro se status or render the issues clear-cut or one-sided.

Defendant Oliva maintains that Plaintiff's intent to harass or embarrass Defendant Oliva is clear, especially in light of the numerous motions filed after the Memorandum Opinion and Order of

August 11, 2006 was issued.  Due to the pendency of Plaintiff's motion for temporary restraining order, I issued the Memorandum Opinion and Order of August 11, 2006 before briefing on the motions to dismiss was complete.  I anticipated that additional motion practice, and a follow-up opinion, would be necessary.  Plaintiff filed his motions before judgment issued.  The number of motions was not unusual in light of Plaintiff's pro se status and the complexity of the issues.  An intent to harass or embarrass Defendant Oliva on the part of Plaintiff is not clear from the record.

This matter involved the fundamental right of a parent to make decisions concerning the care, custody, and control of his child.  *See Troxel v. Granville*, 530 U.S. 57, 65-66 (2000) (examining the nature and history of the right).  A fair reading of the documents filed by Plaintiff indicates that he was emotionally invested in this case.  That said, I decline to impute a vexatious motive to Plaintiff's actions.  Although the case did not survive the motions to dismiss, it was not frivolous, unreasonable, or groundless.  Plaintiff did not continue to litigate in the district court after judgment issued.  A vexatious motive is not clear from the record.

### III.  Conclusion.

Defendant Oliva is not entitled to attorney fees as a prevailing defendant.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Oliva's Motion for an Award of Attorney Fees (Doc. 35), filed on October 12, 2006, is **DENIED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**